Filed 4/28/15  In re K.R. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.R., a Person Coming Under the Juvenile Court Law. | C075127 |
| THE PEOPLE, | (Super. Ct. No. JV134953) |
| Plaintiff and Respondent, | |
| v. | |
| K.R., | |
| Defendant and Appellant. | |

A petition filed pursuant to Welfare and Institutions Code section 602 alleged that the minor, K.R., committed robbery (Pen. Code, § 211; unless otherwise stated statutory references that follow are to the Penal Code), criminal threats (§ 422), and brandished a knife, a misdemeanor (§ 417, subd. (a)(1)).  After a contested jurisdictional hearing, the court found all three allegations to be true beyond a reasonable doubt.  The court

1

adjudged the minor a ward of the court and committed him to the care and custody of his mother under the supervision of the probation officer subject to certain terms and conditions.

The minor appeals. He contends that there is insufficient evidence of an unconditional threat to prove a violation of section 422. We reject his contention and affirm the juvenile court's order.

In an "appeal challenging the sufficiency of the evidence to support a juvenile court judgment sustaining the criminal allegations of a petition made under the provisions of section 602 of the Welfare and Institutions Code, we must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal. Under this standard, the critical inquiry is 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] An appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence--that is, evidence which is reasonable, credible, and of solid value-- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]" (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371, original italics.)

Section 422 requires the prosecution to prove five elements: "(1) [T]hat the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) *that the threat . . . was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,'* (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and

2

(5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228, italics added; § 422.)

The minor contends insufficient evidence supports element 3--he does not challenge any of the other elements. Relying upon *People v. Brown* (1993) 20 Cal.App.4th 1251 (*Brown*), the minor argues that his threat was not unconditional and that he and the victim had no prior relationship.

As relevant here, the facts are as follows. After the minor and his cohort robbed the victim and were making their getaway, the victim followed them in an attempt to retrieve his property. The minor turned around, held a knife in front of him, pointed the blade at the victim, and stated, "[I]f I ever see you in this neighborhood again, I [will] kill you." The victim feared he would be hurt and stepped back. The minor ran away. When interviewed, the minor admitted that he knew the victim but claimed he did not have a relationship. Just prior to the robbery, the minor had been playing basketball at a middle school, two blocks from where the victim lived. Andre A. related to an officer that the minor had chased the victim around the library earlier in the evening before the minor and his accomplice jumped the victim and stole his property.

*Brown* held that a conditional threat does not violate section 422. The defendant, holding a gun, had threatened to kill the victims "if" they called the police. (*Brown*, at pp. 1254, 1256.) The minor argues that cases which have not followed *Brown* involved a preexisting relationship or conflict between the defendant and the victim.

*People v. Bolin* (1998) 18 Cal.4th 297 followed the reasoning in other cases which held that the use of conditional language does not shield a defendant from criminal liability under section 422 and held that an unconditional threat of death or great bodily injury is not required, stating: " 'A seemingly conditional threat contingent on an act highly likely to occur may convey to the victim a gravity of purpose and immediate prospect of execution.' " (*Bolin*, at p. 340.) *Bolin* specifically disapproved of the

3

reasoning in *Brown*. (*Bolin*, at p. 338, fn. 12.) *Bolin* did not limit its holding to situations where there is a preexisting relationship.

Here, the minor's threat to kill the victim if seen in the neighborhood was sufficient for purposes of element 3 since it was highly likely that the victim and the minor would be in the same neighborhood, a neighborhood where the victim lived and where there was a middle school where the minor had played basketball. Sufficient evidence supports the juvenile court's finding that the minor committed criminal threats.

DISPOSITION

The juvenile court order is affirmed.

                                           HULL             , J.

We concur:

     RAYE           , P. J.

     MURRAY       , J.